## McDONALD v. DODGE & McKAY.

1. Where the variance between the count and cause of action set out on *oyer*, is so palpable and material that it does not appear from a comparison that they are *prima facie* identical, then, the agreement has not been set out according to its legal effect, and a demurrer should be sustained.

Writ of Error to the Circuit Court of Barbour.

THIS was an action of covenant, at the suit of the defendants in error and John McKay and the plaintiff, and has been twice before this court at previous terms. (See 4 Ala. Rep. 346; 5 Id. 388.) The questions of law now presented for revision, arise upon the fourth count of the declaration, the defendant's pleas, and the plaintiffs demurrers thereto.

The fourth count alledges, that the firm of Dodge, Kolb & McKay, and the defendants, on the 19th December, 1840, entered into certain articles of agreement, sealed with their seals, of which profert is duly made, and by " said articles of agreement, in consideration that said firm of Kolb & McKay; (mentioned in preceding counts) then and there verbally agreed to transfer (by indorsement without recourse,) to said Hugh McDonald, two other promissory notes of the said John McKay, (also mentioned in the preceding counts,) both payable to the order of said Kolb & McKay, for the sum of $662 50, each, both dated April 18th, 1837, and due on the 1st day of October, A. D. 1838, the other due on the 1st day of April, A. D. 1838; and also a certain mortgage made for the better securing of the two said notes, said defendants did then and there by said last articles of agreement bind themselves, and agree among other things to give to said firm of Dodge, Kolb & McKay, a promissory note to be signed by said defendants, payable to said firm of Dodge, Kolb & McKay, twelve months from the date of said last mentioned articles of agreement, for the aggregate sum of said

67

last two notes of said John McKay, papable to said firm of Kolb & McKay as aforesaid, and the lawful interest thereon." Plaintiffs then aver that Dodge, Kolb & McKay, and Kolb & McKay, have kept and performed all things required in the articles of agreement on their part to be done and performed, of which the defendants had notice. That they indorsed and transferred to the defendant, McDonald, the two notes of John McKay, together with the mortgage to secure the same, and requested the defendants to give to the firm of Dodge, Kolb & McKay a promissory note payable at twelve months from the date of the articles of agreement, with interest thereon, for an amount equal to the two promissory notes so indorsed and delivered, yet the defendants have and still do refuse to perform their covenant, &c.

The defendant, McDonald, craved oyer of the articles of agreement declared on, and set out in the words and figures following : " John McKay as principal, and Hugh McDonald as surety, bind themselves, and agree to give their promissory note, payable to Dodge, Kolb & McKay, twelve months from the date thereof, for whatever sum the arbitrators chosen this day by Dodge, Kolb & McKay and John McKay, to settle and determine certain matters in controversy between them, may decree, which sum is to be added to the sum of two promissory notes, payable to Kolb & McKay, and the lawful interest on the same : which two said notes are now in suit in Charleston, S. C., and also accounts between Dodge, Kolb & McKay and John McKay, which are in suit in Charleston, S. C. ; and the said Dodge, Kolb & McKay, and Kolb & McKay agree to stand to, abide by, and perform whatever matter may be the award of the said arbitrators. Given under our hands and seals, this 19th December, 1840.

JOHN McKAY, (L. S.)<br>HUGH McDONALD, (L. S.)

DODGE, KOLK & McKAY, by DAVID C. KOLB, (L. S.)
KOLB & McKAY, by DAVID C. KOLB, (L. S.)"

The defendant, McDonald, further craved oyer of the writing by which arbitrators were appointed under the agreement set out, and pleaded that the agreement and writing are the true and only cause of action for which the plaintiffs are

seeking to recover: Further, that the arbitrators selected by the parties had never made an award.

There are other pleas, but as they are not considered in the opinion they need not be here noticed. The plea stated was demurred to, the demurrer sustained, and the defendant, McDonald declining to plead oyer, the damages were assessed by a jury against him; his co-defendant pleaded his discharge as a bankrupt under the act of Congress of 1841, and his plea was found to be true: thereupon, a judgment was rendered in conformity to the finding of the jury.

J. E. BELSER and N. HARRIS, for the plaintiff in error, cited the following authorities: Clay's Dig. 312, § 29; Story on Con. 8, 9, 10; 5 Metc. Rep. 452; 6 Port. Rep. 201; 5 Ala. Rep. 388; 5 B. & C. Rep. 269; 9 Wheat. Rep. 680; Minor's Rep. 100; 1 Stew't Rep. 412.

J. G. SHORTER, for the defendant, cited 2 Doug. Rep. 489; 8 T. Rep. 371; 5 Porter's Rep. 318; 7 Id. 133.

COLLIER, C. J.—It is insisted by the plaintiff in error, that whatever opinion be entertained of the plea, the fourth count of the declaration is defective, and that the demurrer must be visited upon it. The consideration of this argument requires us to compare that count with the agreement set out on oyer. It is stated in the declaration that in consideration that Kolb & McKay verbally agreed to transfer (by indorsement without recourse) to Hugh McDonald two promissory notes of John McKay, payable to the order of Kolb & McKay, for the sum of $662 50, each, both dated 18th April, 1837, and payable the one on the 1st April, 1838, the other on the 1st October of the same year, and also a mortgage for the better securing of the same; defendants then agreed by the same articles of agreement, among other things, to give to the plaintiffs a promissory note, to be signed by the defendants, and payable to the plaintiffs, twelve months from the date of the articles of agreement, for a sum equal to the amount of both notes, and interest.

The written agreement which the declaration professes to describe, binds John McKay as principal, and the plaintiff in

error as surety, to give their promissory note, payable to the plaintiffs, " twelve months from the date thereof," for whatever sum the arbitrators, that day chosen by the plaintiffs and John McKay, to settle matters between them, may award; this latter sum is to be added to the amount of two promissory notes, and interest, payable to Kolb & McKay; which two notes were then in suit in Charleston, S. C., and also an account between the plaintiffs and John McKay, which is in suit at the same place.

It is clear that the cause of action set out in the count is variant from the agreement. The former describes the note to be given by the defendants, to be made payable twelve months after the execution of the agreement, while that which the defendants undertook to make is to be payable twelve months after its own date—the count states that there was a verbal agreement for the transfer of the two notes payable to Kolb & McKay, as well as a mortgage for their security, to McDonald, but the agreement contains no such stipulation : *Again*, the declaration describes the two notes by their amounts, dates, &c., although the agreement merely identifies them by stating to whom they are payable, and that they were in suit, &c. The declaration is also silent as to the submission to arbitration, says nothing about the account, or that the note is to be given when the award is made, and does not show that the plaintiffs have yielded up all other demands, the adjustment of which the agreement contemplated ; and states that the notes and mortgage were to be indorsed to McDonald.

The variance between the count and cause of action set out on oyer, is so palpable and material, that it cannot be affirmed by a comparison that they are *prima facie* identical. It is clear that the agreement has not been set out according to its legal effect, and this is the usual teste upon a question of variance.

My brethren incline to the opinion that if the plaintiffs are not chargeable with neglect or fault which prevented the award provided for by the agreement from being made, and *would release all their demands therein referred to,* but the notes and account, that a declaration might be so framed on the agreement, as to entitle them to recover in a new action

the amount of the notes and account.    I will not affirm that
the reverse is the law, but would, under such a state of facts,
consider it safer to make the agreement inducement to the
action, and declare in assumpsit, deducing the promise to pay
from the agreement, or rather making the agreement evidence
of such promise.    An action in that form could not perhaps
be maintained against the surety.    But we all agree that the
variance is such that the circuit court should have visited the
plaintiffs' demurrer upon their declaration.    The judgment is
therefore reversed, and the cause remanded, if the defendant
in error desires it.